[Civ. No. 9038.  Second Appellate District, Division Two.—December 20, 1934.]

GERTRUDE MARION GOLDHAHN, a Minor, etc., Respondent, v. HAROLD P. DREW et al., Appellants.

Kidd, Schell & Delamer for Appellants.

Burke, Hickson, Burke & Marshall for Respondent.

CRAIL, J.—The plaintiff, a ten year old girl, by her guardian *ad litem,* sued the defendants, appellants herein, for damages for personal injuries arising out of an automobile accident wherein appellants' trailer, which was drawn by appellants' truck, struck the plaintiff at a time when she was a pedestrian upon a public highway. The truck driver approached an intersection at which there were several children standing on the curb of the corner to his left waiting to cross the street to the rear of another truck and trailer which stopped at the corner. The second truck and trailer proceeded to make a right turn, thus obstructing the view of appellants' truck driver. Appellants' driver, without diminishing his speed or sounding his horn or applying his brakes, made a left turn from the right and rear of the children, and at the same instant the plaintiff attempted to walk quickly across the street, but stopped while appellants' truck was passing and while so standing still was struck by the rear of appellants' trailer which came around the corner on an angle. The jury returned a verdict in favor of the plaintiff and it is the duty of this court to accept as true all evidence tending to support the verdict

and to consider it in the most favorable aspect toward the prevailing party. (2 Cal. Jur. 879.)

█ The appellants' first contention is that there was no substantial evidence of appellants' negligence, and second, that there was no evidence that the negligence, if any, was the proximate cause of the injuries. We have reviewed the testimony and believe that there is such evidence. █ Appellants' next contention is that the evidence affirmatively shows contributory negligence on the part of the respondent. But we are not prepared to say in the light of the evidence in this case that as a matter of law the ten year old child was guilty of contributory negligence.

█ The final contention of appellants is that the court erred in giving an instruction which was to the effect that if the driver of appellants' truck as he made the left turn did not travel in the traffic lane to the right of and next to the center of the roadway, and if he failed to pass to the right of the center of the intersection he was guilty of negligence. Appellants assert in this regard that the evidence of all the witnesses shows that the appellants' driver did keep close to the center of the street and did pass beyond the center of the intersection in making his turn. But here again one of the witnesses testified contrary to appellants' contention. There is also a diagram or map which attempts to give a visual exposition of the testimony of certain witnesses by marks indicating where the truck and trailer went. Some of these marks are clearly on the left-hand side of the center. This evidence warranted the giving of the instruction.

Judgment affirmed.

Stephens, P. J., and Willis, J., *pro tem.*, concurred.